IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ADNAN ALATTIYAT,

       Plaintiff,

v.                                                    No. 06-2437 B

THE CITY OF MEMPHIS,
KATHY L. GOODEN, individually
and in her official capacity as a
Memphis Police Officer, DARNELL
GOOCH, individually and in his
official capacity as a Memphis
Police Officer, DONALD R.
DICKERSON, individually and in his
official capacity as a Memphis Police
Officer,

       Defendants.

_____

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' RENEWED
MOTION TO DISMISS THE AMENDED COMPLAINT AND DENYING AS MOOT
DEFENDANTS' MOTION TO DISMISS THE ORIGINAL COMPLAINT
_____

       The Plaintiff, Adnan Alattiyat, has sued the Defendants City of Memphis and Memphis Police Officers Kathy L. Gooden, Darnell Gooch, and Donald R. Dickerson in their official and individual capacities, pursuant to 42 U.S.C. § 1983, alleging that they violated Alattiyat's constitutional rights by falsely arresting him. Before the Court is the renewed motion to dismiss[1]

---

[1] The Defendants filed a motion to dismiss the Plaintiff's complaint on July 31, 2006. Upon leave of the Court, the Plaintiff amended his complaint on December 11, 2006. Thereafter, the Defendants filed a renewed motion to dismiss the amended complaint. Because the new complaint superseded the original complaint, the Court will address the Defendants' arguments as they relate to the amended complaint. See Parry v. Mohawk Motors of Mich., Inc., 236 F.3d

of Defendants City of Memphis and Gooden, Gooch, and Dickerson in their official capacities pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Plaintiff has responded and this motion is now appropriate for disposition. For the reasons set forth below, the motion to dismiss is GRANTED in part and DENIED in part.

## BACKGROUND

The Plaintiff has alleged the following in his complaint. Alattiyat is the operator and manager of a convenience store in Memphis, Tennessee. (Am. Compl. ¶ 8). On the morning of June 24, 2005, Gooden's son and nephew entered the store and were noticed shoplifting. (Am. Compl. ¶ 9). In response, the Plaintiff approached the boys and asked them "whether they had anything they needed to pay for." (Compl. ¶ 10). The boys denied taking anything, and thereafter, Alattiyat allowed them to leave. (Compl. ¶ 11).

After learning about the encounter, Gooden contacted other Memphis Police Officers, including Gooch, and they went to the convenience store as a group and confronted the plaintiff. (Compl. ¶¶ 12-19). Alattiyat was alone inside the store as the group of approximately ten people entered, began yelling "racial slurs" at him and threatened to have him deported to Iran. (Compl. ¶¶ 25-27). When he asked her what was wrong, Gooden told the Plaintiff to "shut-up and listen to what she had to say." (Compl. ¶ 28). Alattiyat was frightened and told the officers that if they were

---

299, 306 (6th Cir. 2000) (stating that an amended complaint supersedes all previous complaints) (citing In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000)); see also 6 Charles Alan Wright et al., Federal Practice & Procedure Civil 2d, § 1476, at 556-58 ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action. . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ."). As the original complaint is no longer the pleading which controls the Plaintiff's claims, the July 31, 2006 motion to dismiss the complaint is DENIED as moot.

not there on official police business, they needed to leave. (Compl. ¶ 30). Because the Defendants refused to leave, the Plaintiff attempted to call 9-1-1 but was thwarted when Gooch took the phone from him, shoved and handcuffed him, and placed him in the rear seat of a police cruiser with the windows up in the summer heat for over twenty minutes. (Compl. ¶¶ 31-41). The Plaintiff was then arrested and charged with "Disorderly Conduct and Resisting Official Detention." (Compl. ¶ 50).

Although Memphis Police Department ("MPD") Lieutenant Dickerson arrived on the scene, he allegedly failed to conduct a meaningful investigation. (Compl. ¶¶ 44-48). Alattiyat was eventually released on his own recognizance, and he returned to his store only to discover that it had been ransacked and burglarized and that the surveillance system and recording equipment, including the tape-recording of June 24, 2005, had been taken. (Compl. ¶¶ 50-52).

Witnesses reported the burglary while it was ongoing but the MPD refused to respond or investigate. (Compl. ¶ 53). The Plaintiff alleges that the Defendants "conspired to cover-up their earlier wrongdoing . . . [by] removing the surveillance equipment from the store." (Compl. ¶ 55).

The Shelby County District Attorney General's Office later dismissed the charges against the plaintiff. (Compl. ¶ 58). Alattiyat then reported these events to the Inspectional Services Bureau, which, like the MPD, failed to conduct a thorough investigation. (Compl. ¶¶ 59-64). MPD took no further action against the Defendants. (Compl. ¶ 67).

STANDARD OF REVIEW

Rule 12(b)(6) permits dismissal of a lawsuit for failure to state a claim upon which relief could be granted. See Fed. R. Civ. P. 12(b)(6). The Rule requires the Court to "construe the

complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998). "The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957). However, "[t]o avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim." Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003).

## ANALYSIS

Gooden, Gooch, and Dickerson contend that the Plaintiff's claims against them in their official capacities should be dismissed because such a claim is in essence the same as one against the City of Memphis. The Defendants also contend that the Plaintiff's complaint fails to state a claim for either conspiracy or inadequate investigation. Additionally, the Defendants urge this Court to decline jurisdiction of the Plaintiff's state law claims under the Tennessee Governmental Tort Liability Act ("TGTLA"). See Tenn. Code Ann. § 29-20-101 et seq. Finally, the Defendants argue that the state law causes of action should likewise be dismissed under Rule 12(b)(6).

    I.      Federal Claims.

    A.      Section 1983 Generally.

Section 1983 imposes liability on any "person who, under color of any statute, ordinance, regulation, custom or usage, of any State" subjects another to "the deprivation of any rights, privileges, or immunities secured by the Constitution or laws." 42 U.S.C. § 1983. In order to prevail on such a claim, a section 1983 plaintiff must establish "(1) that there was the deprivation

of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." Wittstock, 330 F.3d at 902. "Section 1983 is not the source of any substantive right, but merely provides a method for vindicating federal rights elsewhere conferred." Humes v. Gilless, 154 F. Supp. 2d 1353, 1357 (W.D. Tenn. 2001). "It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir. 1986).

  B. Official Capacity.

Gooden, Gooch, and Dickerson contend that the Plaintiff's claims against them under section 1983 in their official capacity are subsumed by the allegations against the City of Memphis. The Plaintiff responds that these claims against the Defendants in their official capacities are not the same as those against the City. The Court disagrees.

Suits against public officers in their official capacity "are an alternative way of pleading an action against the entity for which the officers are employed." Dudley v. Eden, 49 F. Supp. 2d 581, 589 n.5 (N.D. Ohio 1999) (citing Kentucky v. Graham, 473 U.S. 159, 165, 105 S. Ct. 3099 (1985)). Thus, Alattiyat's allegations against these Defendants in their official capacities are included within his claims against their employer, the City of Memphis. Id. As such, the official capacity claims against these three Defendants are DISMISSED.

  C. Failure to State a Claim-Rule 12(b)(6).

    1. Conspiracy

Although the Defendants contend that the Plaintiff has failed to state a cause of action for conspiracy, the Plaintiff states that his amended complaint does not include a conspiracy claim. The

5

Court notes, however, that the amended complaint's statement of facts allege the Defendants engaged in a conspiracy to falsify statements and to "cover-up their earlier wrongdoing." (Am. Compl. ¶ 55). In any event, because the Plaintiff has apparently conceded that he does not intend to seek damages based upon conspiracy, the Court finds that the Plaintiff has abandoned such a claim, to the extent it ever existed, and it is hereby DISMISSED.

### 2. Inadequate Investigation

The Defendants next maintain that the Plaintiff has failed to state a cause of action for inadequate investigation. Once again, the Plaintiff responds that the amended complaint does not assert such a claim. Based upon the Plaintiff's concession as to the absence of this allegation, it is hereby DISMISSED.

## II. Tennessee Governmental Tort Liability Act Claims

The Plaintiff's amended complaint contains state law causes of action pursuant to the Tennessee Governmental Tort Liability Act ("TGTLA"), Tenn. Code Ann. § 29-20-201 et seq. The section 1983 claims would ordinarily confer supplemental jurisdiction over the TGTLA claims because they arise out of the same facts and form part of the same case or controversy. See 28 U.S.C. § 1367(a). However, TGTLA claims must be brought in "strict compliance" with the terms of the state statute. Tenn. Code Ann. § 29-20-201(c). The TGTLA gives the state circuit courts exclusive original jurisdiction over claims brought pursuant to its provisions. Tenn. Code Ann. § 29-20-307.

A federal district court may, in its discretion, decline supplemental jurisdiction over a state law claim, even if jurisdiction would otherwise be proper under 28 U.S.C. § 1367(a). Section 1367(c)(4) allows a district court to "decline to exercise supplemental jurisdiction over a claim under

subsection (a) if . . . (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4).

In Gregory v. Shelby County, Tennessee, the Sixth Circuit affirmed the district court's dismissal of the TGTLA claims, stating, "[i]n this instance, the Tennessee legislature expressed a clear preference that TGTLA claims be handled by its own state courts. This unequivocal preference of the Tennessee legislature is an exceptional circumstance for declining jurisdiction." 220 F.3d 433, 446 (6th Cir. 2000); see also Maxwell v. Conn, No. 89-5060, 1990 WL 2774 (6th Cir. Jan. 18, 1990) (stating that the TGTLA's grant of exclusive jurisdiction to the state courts "belie[d]" plaintiff's argument that he could expect to try the TGTLA claims in the same proceeding as his federal claims); Spurlock v. Whitley, 971 F. Supp. 1166, 1185 (M.D. Tenn. 1997). Therefore, federal courts would appear obligated to apply the TGTLA limitations on suability as a matter of state substantive law. See Fromuth v. Metro. Gov't of Nashville, 158 F. Supp. 2d 787, 798 (M.D. Tenn. 2001). The Court declines to accept jurisdiction over the Plaintiff's claims brought pursuant to the TGTLA in accordance with 28 U.S.C. § 1367(c)(4).[2] Because the Court declines to accept jurisdiction over these state statutory claims, the TGTLA claims are DISMISSED without prejudice, and the Defendant's motion to dismiss under Rule 12(b)(6) is DENIED as moot.

## CONCLUSION

Based on the foregoing reasons, the Defendants' renewed motion to dismiss the amended complaint is GRANTED as to the official capacity claims against Gooden, Gooch, and Dickerson;

---

[2]The Defendants in their motion to dismiss the original complaint further argue that the TGTLA claims should be dismissed based upon Alittiyat's failure to allege the City's waiver of immunity as is required under the TGTLA. However, the court notes that the Plaintiff specifically included such language in his amended complaint. (Am. Compl. ¶¶ 95-99).

and, to the extent they ever existed, the conspiracy and inadequate investigation claims under section 1983. As the Court declines to accept supplemental jurisdiction over the Plaintiffs' claims under the Tennessee Governmental Tort Liability Act and DISMISSES them without prejudice, the motion to dismiss those claims under Rule 12(b)(6) is DENIED as moot. Finally, the Defendants' motion to dismiss the original complaint is also DENIED as moot.

**IT IS SO ORDERED** this 15th day of March, 2007.

                                      s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE